BIDWELL, (UNITED STATES v.) See Case No. 14,592.

BIEDENFELD, (FRESE v.) See Case No. 5,111.

---

## Case No. 1,394.

### In re BIELER.

### [7 N. B. R. 552.] [1]

District Court, N. D. New York. Feb. 15, 1873.

BANKRUPTCY — DISCONTINUANCE OF PROCEEDINGS —SETTING ASIDE STIPULATION—FRAUD.

[Where a bankrupt gives a receipt and release under seal to his assignee in a settlement out of court, and a stipulation is filed discontinuing the bankruptcy proceedings, the bankrupt court has power to set aside the stipulation on proof that it was obtained from the bankrupt by fraud, or given under a mistake of fact: but such court will not do so until the bankrupt has sought and obtained relief in a court having jurisdiction to set aside the release for fraud, or to award damages.]

[In bankruptcy. Application of Francis J. Bieler, a bankrupt, to set aside a stipulation discontinuing bankruptcy proceedings. Denied.]

HALL, District Judge. This is an application upon the petition of the bankrupt for an order setting aside the stipulation of the bankrupt and other parties which provided for an absolute dismissal of the proceedings in this case. The petition also prays for such other order as to the court shall seem meet, on the grounds disclosed in the petition and affidavits on which the application is made.

The proceedings herein were commenced on the 21st of August, 1872, by the filing of the voluntary petition of the bankrupt, and Truman N. Burrill was appointed a special receiver of the bankrupt's property before the election of an assignee. He was subsequently, and on the 23rd of October, 1872, appointed the assignee herein, which appointment was approved the next day. Before this, and on the 24th of September, 1872,

[1] [Opinion reprinted from 7 N. B. R. 552, by permission.]

the bankrupt had presented his petition, showing that he had obtained the consent of all his creditors to a compromise and settlement of their claims against him for fifty cents upon the dollar, and praying for an order that the proceedings herein should be discontinued and authorizing the receiver to pay over the money and property in his hands to the bankrupt. An order for the creditors of the bankrupt to show cause against the prayer of said petition on the 22nd of October, 1872, was made upon said petition, but the final hearing thereon was not had until the 13th of November, 1872, when, on motion of the counsel of the bankrupt, it was ordered that all proceedings in the above entitled matter be dismissed upon the filing of the report of the receiver and assignee that all costs and disbursements, and his fees, disbursements and compensation herein are paid, and referring it to O. H. Marshall, Esq., to take proof and determine the amount of such costs, disbursements, fees and compensation, and directing that after the payment thereof, the remainder of the money and property of the bankrupt that had come to the hands of the receiver and assignee should be paid and delivered to the bankrupt. Instead of proceeding under the last mentioned order, the attorney of the bankrupt, on the 26th of November, 1872, presented to the court and filed a stipulation signed by himself as attorney for the bankrupt, and of the assignee of the creditors, and also by the attorney of the receiver and assignee, reciting that the accounts and claims of the assignee had been adjusted and arranged between the bankrupt, creditors, assignee and receiver, and stipulating that the proceedings in this case be discontinued absolutely; and that an order to that effect be entered, of course, on filing the stipulation. On this stipulation, thus filed, the court granted the order for an absolute discontinuance, as shown by the minutes of the judge and clerk, but it does not appear that the order, if even drawn out and signed, is now on file. After this and on the 17th day of December, 1872, the counsel for the bankrupt applied on his petition for an order that the assignee and receiver account before O. H. Marshall, Esq., and pay over, &c. But the court denied the application on the ground that the proceedings had been dismissed upon the stipulation and application of the bankrupt, and the court had lost jurisdiction of the case, but it does not appear that any order in accordance with such decision has been drawn up or filed.

The petition on which the present application is founded states many of the proceedings in this matter, and that after the making of the order of November 12th, 1872, the assignee and receiver delivered to the bankrupt goods, money and property, and that he, believing the said goods, property and money so returned to be all that was due to

him, signed a receipt to the receiver and assignee therefor. The petition then charges fraud and errors on the part of the receiver and assignee, that the stipulation given by the attorney of the bankrupt for the absolute discontinuance of the proceedings herein, as aforesaid, was entered into without his knowledge or consent, and improvidently and without a full knowledge of the facts; but it does not set forth any particulars of the accounts and statements upon the faith of which the receipt of the bankrupt was given, or give any specific and precise information in respect to any fraudulent, false or mistaken entry in the accounts of said receiver and assignee, or of any omission or error therein, such as should be made in a bill or petition for opening an account settled and adjusted between the parties in controversy. It is accompanied by an affidavit of James J. Bain that he has been acting as clerk of the bankrupt and of the receiver and assignee for six months last past, and has had access to the books of the said Bieler and said Burrill; that the material facts stated in the petition are true, and that the said Truman N. Burrill has retained in his hands large quantities of furniture and goods belonging to said Bieler, and has not accounted for the same or has sold the same and applied the proceeds to his own use; but he fails to make any particular and specific statement of any particular fraudulent, false or mistaken entry, or of any omission or inaccuracy in the accounts of the receiver and assignee. In opposition to the application, the attorney of the receiver and assignee, states by affidavit that he "was present at the final settlement between said Burrill and said Frank J. Bieler of the moneys and property in the hands of said receiver and assignee; that after the order dismissing the above entitled proceedings was made the said Burrill and Bieler accounted together of and concerning the moneys and property in the hands of said Burrill as receiver and assignee, and it was agreed between them what sum of money should be paid by said Burrill to said Bieler, and what property should be delivered &c.; and that on payment being made to Bieler he executed a receipt and release under his seal entitled in these proceedings in these words:

"Received of Truman N. Burrill, assignee and special receiver, full payment for all money and property which has come to his hands as such special receiver, also as assignee, and I do hereby release and discharge him from all claims and demands whatsoever. Witness my hand and seal, November 20th, 1872, (signed) F. J. Bieler," and such affidavit also states "that it was agreed that such settlement was full and final of all claims of every kind against said Burrill in favor of said Bieler arising out of said Burrill's receivership and assigneeship in the above entitled proceeding."

The affidavit of the receiver and assignee read in opposition to the application states the settlement and the giving of the receipt and release substantially as stated in the affidavit of his attorney, but states more fully the negotiations and examinations which preceded it, and it must be considered as a full denial of all the material allegations upon which the bankrupt's application is based, whether contained in the bankrupt's petition or the affidavit of Bain.

On the merits, then, no relief could be granted to the bankrupt until proof of his allegations had been made, but a reference might, perhaps, have been proper to ascertain the facts in issue between the parties, if there were not other grounds for denying the application. That this court might set aside the stipulation of the 26th day of November, 1872, upon satisfactory proof that it was obtained by fraud or given inadvertently and improperly, under a mistake of fact, is not doubted, but to do this without also setting aside the release of the 20th of that month would be of no service to the bankrupt. The stipulation was given in the bankruptcy proceedings, and for use in this court, and must be to some extent under its jurisdiction and control; but the execution of the receipt and release, though they were for the purposes of description entitled in the case, was an act between the parties to this application, carrying out a settlement privately made by the parties out of court, notwithstanding the prior order of the court providing for a reference and judicial settlement of the accounts of the receiver and assignee. Such receipt and release has never been filed and was probably never intended to be filed in this court, and it was not given or received under any order of the court. The parties chose to settle the matter themselves, rather than to have it settled under the reference. The proceedings in bankruptcy, so far as any question peculiar to the jurisdiction of the bankruptcy court was concerned, had already been closed; and the bankrupt's own attorney, in execution and fulfilment of the intention of the parties when the release was executed, obtained, upon a stipulation of the attorneys of the parties to this application, an order of the court for the absolute dismissal of the proceedings. The case has therefore passed out of the jurisdiction of the bankruptcy court, and even if I had the power I should not feel inclined to reinstate it and take jurisdiction of the new controversy which has arisen since the proceedings in bankruptcy were substantially terminated, and which is more proper for the consideration of a state court than of the court in bankruptcy.

It was urged, in support of the motion, that the bankrupt could only seek his remedy in this court because the state courts had no jurisdiction to set aside a stipulation entered into in this court; but, conceding that the state courts have no jurisdiction to set aside the stipulation for the absolute discon-

tinuance of the proceedings, it is considered that the stipulation would furnish no defence to an action in a state court. It only provides for the discontinuance of the proceedings here, and it is the receipt and release and not the stipulation which must be avoided (by reason of the alleged fraud,) by proceedings in a state court, or else the bankrupt must sue for the fraud by which he alleges it was obtained. If the bankrupt has any right of action against the receiver and assignee to set aside the settlement and release, as he alleges, it is for fraud or mistake in the settlement and procuring of the release, and not for any act which the receiver or assignee has done or omitted as an officer of this court. He can file his bill to set aside the release or sue the assignee for the fraud in a state court, but this court will not take jurisdiction of the controversy.

The motion or application will be denied, but without prejudice to any suit or proceeding which the bankrupt may institute in any court having jurisdiction, and the counsel for the assignee will be entitled to take a similar order in pursuance of the denial of the former application, and also to have drawn up and signed the order of absolute discontinuance directed on the filing of the stipulation of November 26th, 1872.